# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1461 | **DATE** | 7/11/2000 |
| **CASE TITLE** | Panduit Corp. vs. Band-It Idex, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** The Court denies Band-It's Motion for Reconsideration and Motion to Amend. The Court strikes the status hearing set for 07/12/00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUL 1 2 2000 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 7/11/2000 date mailed notice |
| JJK | courtroom deputy's initials | JJK77 |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 32

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PANDUIT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 1461 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| BAND-IT-IDEX, INC., ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 23, 2000, this Court granted to Panduit Corporation ("Panduit") a preliminary injunction barring defendant Band-It-Idex, Inc. ("Band-It") from manufacturing, using, selling or offering to sell in the United States selectively coated cable ties that infringe United States Patent No. 5,103,534 ("the '534 Patent"). The issuance of the preliminary injunction was premised on Panduit providing a bond in the amount of $250,000, a condition with which Panduit complied on June 29, 2000 (doc. # 28-1).

On June 29, 2000, Band-It timely filed a Motion for Reconsideration of Memorandum Opinion and Order Granting Panduit's Motion for Preliminary Injunction ("Motion for Reconsideration"), and a Motion to Amend the Magistrate's Memorandum Opinion and Order Granting Pandit's Motion for Preliminary Injunction ("Motion to Amend"). For the reasons set forth below, both motions are denied.

### I.

Motions to reconsider "should not be a 'Pavlovian Response' to an adverse ruling," *Jefferson v. Security Pacific Financial Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995), but instead are

designed to "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). A motion to reconsider is not "at the disposal of parties who want to 'rehash' old arguments" that previously were made a rejected, *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995), or to raise new arguments or evidence that could have been previously offered. *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996). Whether to grant a motion to reconsider is a matter committed to the sound discretion of the Court. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court has carefully reviewed Band-It's arguments, and finds that they are nothing more than a rehashing of Band-It's lead argument in opposing the preliminary injunction motion: that the "locking means" in Claim 1 of the '534 Patent is limited to the specific form of locking ball disclosed in U.S. Patent No. 4,399,592 ("the '592 Patent"), which is incorporated by reference into the '534 Patent. That proposition was vigorously advanced by Band-It in opposing issuance of the preliminary injunction, and was specifically considered and rejected by the Court (*see* 6/23/00 Mem. Op. and Order at 24-27).

Band-It's reconsideration motion advances two points not previously presented in Band-It's extensive arguments opposing summary judgment: one based on a reference to the prosecution history of the '534 Patent that was not previously cited, and the other based on *Fonar Corp. v. General Electric Co.*, 107 F.3d 1543, 1551 (Fed. Cir. 1997), a decision that was not previously cited. Band-It offers no explanation for its failure to cite this evidence and authority during the pendency of the preliminary injunction motion, although this evidence and authority plainly was available to Band-It. As the Seventh Circuit has made clear, a motion to reconsider "is not appropriately used to advance arguments or evidence that could have previously been offered but was not." *Moro*, 91

2

F.3d at 876; *see also LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Thus, under well-settled law, this newly presented (but not newly discovered) evidence and authority may be disregarded.

But, in any event, the newly-cited evidence in authority is no more persuasive than the materials Band-It previously cited. The prosecution history cited by Band-It discloses that the reference to the locking ball mechanism in the '592 Patent was designed to overcome the Examiner's objection to the lack of illustration of a structure for the locking mechanism in Claim 1 of the '534 Patent (*see also* 6/23/00 Mem. Op. and Order at 38 n.11). The prosecution history also indicates that Panduit cited the '592 Patent as illustrating "a" locking ball mechanism, rather than the exclusive locking ball mechanism -- a point further underscored in the prosecution history and in the specification of the '534 Patent itself, both of which refer to the locking ball mechanism in the '592 Patent as the *preferred* -- and not *exclusive* -- embodiment of the locking ball structure. Thus, the prosecution history cited by Band-It provides no basis for the Court to change its earlier ruling.

Likewise, the *Fonar* decision fails to advance Band-It's argument. In *Fonar*, the patent in suit concerned a technique for using magnetic resinous imaging to obtain certain scans of a patient's body. Claim 12 of that patent involved apparatus for a means to accomplish that function by use of a generic gradient waive form. The federal circuit found that in that means plus function claim, the structure was limited to the generic gradient waive form disclosed, and that the patent could not be expanded by a general reference in the specification to other unidentified waive forms. *Fonar*, 107 F.3d at 1551-52. That analysis, however, is inapposite to the present case. There is no dispute here that the '534 Patent identifies a structure for the locking means: a locking ball. The dispute is whether the locking ball must contain all of the precise characteristics of the locking ball set forth

3

in the '592 Patent, which the Court has found is not the case. *Fonar* does not speak to this issue, and does not provide a reason for this Court to question its earlier ruling.

**II.**

Band-It's alternate motion to amend raises two issues, neither of which requires amendment or alteration of the Court's prior opinion.

*First*, Band-It argues that the testimony of Mr. Hans Hinnen, that Band-It's accused device "falls within the scope of Claim 1" of the '534 Patent should not be deemed an admission by Band-It, because the testimony allegedly exceeded the scope of Mr. Hinnen's designation as a Band-It corporate witness pursuant to Fed. R. Civ. P. 30(b)(6). Band-It also argues that, in any event, Mr. Hinnen's subsequent affidavit recanted any admission he may have made.

Those arguments, again, are a rehash of arguments that Band-It previously made and that this Court previously rejected. And we reject them again at this time. Band-It designated Mr. Hinnen as Band-It's "most knowledgeable" witness concerning the design and development of Band-It Coated Ball-Lok™ cable ties, as well as Panduit's '534 Patent (6/23/00 Mem. Op. and Order at 10). Given those designations, it was within the scope of Mr. Hinnen's Rule 36(b) testimony to state that the accused device (Band-It's Coated Ball Lok™ cable ties) was within the scope of Claim 1 of the '534 Patent. Moreover, for the reasons that the Court previously explained and will not repeat here (6/23/00 Mem. Op. and Order at 10-11), Mr. Hinnen's attempted recantation of his testimony during the pendency of the summary judgment briefing was not persuasive.

*Second*, Band-It argues that it did not admit that the accused product reads on every element of Claim 1 of the '534 Patent except the "locking means." Band-It asserts that in opposing Panduit's motion for preliminary injunction it merely chose not to argue every way in which the accused product fails to read on the elements of Claim 1, but intends to do so at trial. The Court, of course,

4

recognizes that the admissions by Band-It in response to Panduit's fact statement submitted for preliminary injunction are admissions made solely for the purposes of the preliminary injunction proceeding -- a fact that Panduit recognizes as well (Panduit's Response to Motion to Amend at 2). Thus, Band-It will have the opportunity to present facts and arguments at trial that it chose not to present on preliminary injunction, should it develop any that undermine Panduit's claims. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 399 (7th Cir. 1984) (on preliminary injunction, court does not have full evidentiary record before it and makes preliminary, rather than absolute, findings). However, that does not warrant or require any amendment or alteration of the Court's opinion.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court denies Band-It's Motion for Reconsideration and Motion to Amend.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

Dated: July //, 2000